FAJARDO, PLAINTIFF AND APPELLEE, *v.* FAJARDO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Mandamus Proceeding.

MOTION to Dismiss the Appeal.

No. 2235.—Decided May 28, 1920.

APPEAL—FRIVOLOUS APPEAL.—Rule 59 of this court, as it has been construed, requires for the dismissal of an appeal that it be shown that the appellant has not prosecuted the appeal with due diligence or in good faith, or that the appeal is frivolous; also that ninety days had elapsed from the time the appeal was taken. Nevertheless, this rule would not prevent the Supreme Court from dismissing before the expiration of the ninety days an appeal so patently frivolous that it would amount to a manifest travesty on the administration of justice; but it has not been shown that such is the case here.

The facts are stated in the opinion.

*Mr. A. Arnaldo* for the appellant.

*Messrs. Feliu & Alemañy* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff has moved for the dismissal of the appeal taken by the defendant. The plaintiff petitioned for a writ of mandamus commanding the defendant to permit an inspection of certain books of the Central Eureka, of which corporation the defendant was the president. An alternative writ was issued and served on the 26th of March, 1920. On the 6th of April, following, the day set for the appearance of the parties, the defendant filed a verified motion of acquiescence, but alleging that some of the books of the corporation were not in his possession, they being in the possession of Mateo Fajardo, who was then in the United States. The defendant also stated that Fajardo had been instructed to send the books and that he would return to Mayagüez on the 21st of the same month of April. The court thereupon, in accord with the parties, left the alternative writ in force until the 22nd of April, on which date the defendant should appear to show cause why he had failed to comply with the writ, in that event. On April 22 the defendant stated that he had not received the books; that Mateo Fajardo tried to send them by a friend, but could not do so and retained them in his custody so as to bring them personally, and he asked the court to deny the petition. The court refused to do so, but issued the writ and imposed the costs upon the defendant. Thereupon the defendant took the present appeal, serving his notice on the 24th of April.

At this stage the appellee, on May 3rd, instant, filed a motion for dismissal of the appeal on the ground that it is frivolous and has been taken for the sole purpose of delaying and obstructing compliance with the law and the administration of justice.

The said motion was heard on May 17. The plaintiff invoked in support of his motion Rule 59 of this court and the defendant maintained that the appeal should not be dismissed because the ninety days fixed by the said rule had

not expired, and also because the appeal was not frivolous, at least with regard to the imposition of the costs.

Rule 59 reads as follows:

"59. After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

That rule has been construed by this court in the following manner:

"The mere expiration of the ninety days fixed by rule 59 for filing the record is not sufficient to warrant the dismissal of the appeal, but it must be shown also that the appeal is frivolous or has not been prosecuted with due diligence." *Pérez* v. *Pérez et al.,* 22 P. R. 165, and cases therein cited.

Hence the appellant is in the right. The rule, as worded and construed, requires the lapse of ninety days and, besides, that it be proved either that the appellant has not prosecuted his appeal with due diligence and in good faith, or that the appeal is frivolous.

Summarizing the jurisprudence on that point, Corpus Juris says:

"Although an appellate court may have the power to dismiss an appeal which is manifestly and palpably frivolous and without merit, it will not, as a rule, dismiss on such ground, but will affirm the judgment below; nor will this ground be considered in any event unless it is perfectly manifest from the record that such was the purpose of the appeal." 4 C. J. 574.

Our construction of the rule in the sense stated should not be understood as holding that this court has no power to dismiss before the expiration of the ninety days an appeal so patently frivolous that it would amount to a clear and manifest travesty on the administration of justice. But

it has not been shown in a clear and evident manner that such is the case here.

For all the foregoing it must be held that this appeal should not be dismissed.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.